IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARUCHE IMPORTS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 11-3127 |
| | § | |
| APL LIMITED, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiff in this case, LaRuche Imports, Inc., originally filed suit in Texas state court in July 2011. The defendants removed the suit to this court a month later. (Docket Entry No. 1). In December 2011, LaRuche filed this motion seeking leave to file an amended complaint. (Docket Entry No. 17). In particular, LaRuche—represented by new counsel—seeks to plead with greater particularity and to add new causes of action, including one under the Texas Deceptive Trade Practices Act ("DTPA"). (*Id.*, ¶ 6). The defendants oppose the motion. (Docket Entry Nos. 18, 19). Among other grounds cited for their opposition is that LaRuche did not assert its DTPA claim in accordance with that Act's sixty-day notice requirement. (Docket Entry No. 19, ¶¶ 6–7). No scheduling order has been entered, no discovery has been exchanged, and no hearing has been held in this case.

Under Rule 15(a), a district court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "[T]he language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotation marks omitted). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Id.* (internal

quotation marks omitted). Under Rule 15(a), "[d]enial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010). A proposed amendment is futile if "the amended complaint would fail to state a claim upon which relief can be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). "[T]he same standard of legal sufficiency as applies under Rule 12(b)(6)" applies to determining futility. *Id.* (internal quotation marks omitted).

At the outset, the court notes that one of the defendants, APL Limited, has cited what appears to be an inapplicable legal standard. Citing *Fahim v. Marriott Hotel Services*, 551 F.3d 344 (5th Cir. 2008), APL argues that "[t]he Fifth Circuit requires a 'good cause' standard by applied motions for leave to amend." (Docket Entry No. 18, at 2). This standard applies, however, when the deadline for amending pleadings under the court's previously entered scheduling order has expired, triggering Rule 16(b). *See* 551 F.3d at 348. Rule 15(a)'s "more liberal standard" for seeking leave to amend applies here. *Id.* (internal quotation marks omitted).

APL also argues undue delay in opposing LaRuche's motion. (Docket Entry No. 18, at 3). Similarly, all defendants argue that they will be unduly prejudiced by allowing LaRuche to amend. (*Id.*; Docket Entry No. 19, ¶ 7). Those arguments are unpersuasive. As noted, this case is at an early stage: no scheduling order has been entered, no discovery has been exchanged, and no hearing before this court has been held. There is no undue prejudice to any defendants if the amendment is allowed. Two of the defendants argue that they will be prejudiced by allowing LaRuche to proceed on its DTPA claim when it failed to comply with the act's sixty-day notice requirement. *See* TEX. BUS. & COM. CODE § 17.505. But any such prejudice can be cured by abating the case until sixty

days following LaRuche's notice letter of December 15, 2011.  (*See* Docket Entry No. 19, Ex. A).  Finally, APL summarily argues that amending to add the new claims would be futile.  (Docket Entry No. 18, at 3–4).  Given the summary manner of APL's argument and the current record, the court cannot agree that, as a matter of law, LaRuche has failed to state a claim upon which relief can be granted.  This ruling does not preclude the defendants from reasserting this argument by motion to dismiss for failure to state a claim or, at a later stage, by summary judgment, if the record supports such relief.

LaRuche's motion for leave to amend, (Docket Entry No. 17), is granted.  The case is abated until February 15, 2012.  The initial pretrial conference is reset for **May 11, 2012, at 8:30 a.m.** in Courtroom 11-B.

SIGNED on February 8, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge